IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary Lee Evans, ) | C/A No. 0:17-162-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Mary Lee Evans, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed a motion to dismiss on July 14, 2017, pursuant to the Federal Rules of Civil Procedure. (ECF No. 24.) As Evans is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on July 28, 2017, advising Evans of the importance of a motion to dismiss and of the need for her to file an adequate response. (ECF No. 25.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Evans failed to respond to the motion. The court filed a second order on August 31, 2017, advising Evans that it appeared to the court that she was not opposing the motion and wished to abandon this action, and giving Evans an additional fourteen (14) days in which to file her response to the defendant's motion. (ECF No. 28.) In response to the court's order,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

PJG

Evans filed a one-sentence response in which she states simply that she wishes to continue with her case. (ECF No. 31.)

## ADMINISTRATIVE PROCEEDINGS

In June 2013, Evans applied for DIB and SSI, alleging disability beginning September 25, 2010. Evans's applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ. A video hearing was held on June 17, 2015 at which Evans, who at that time was represented by counsel, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on August 10, 2015 concluding that Evans was not disabled from September 25, 2010 through the date of the decision. (ALJ Decision, ECF No. 24-2 at 38-48.)

The Appeals Council denied Evans's request for review on October 24, 2016, making the decision of the ALJ the final action of the Commissioner. (Notice of Appeals Council, ECF No. 24-2 at 52-55.) On that same date, the Appeals Council sent the notice via mail addressed to Evans, with a copy to Evans's counsel. The notice specifically informed Evans of her right to commence a civil action within sixty (60) days from the date of receipt, that her date of receipt was presumed to be within five days after the date of the notice, and that any extension request of the sixty-day time period must be made in writing. (Id.) The plaintiff filed this action for judicial review on January 19, 2017.

## DISCUSSION

Judicial review of final decisions made by the Commissioner of Social Security on claims arising under Title II or Title XVI of the Social Security Act is prescribed in 42 U.S.C. § 405(g), which states in relevant part:

*PJG*

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The date of receipt of the notice is presumed to be five days after the date of such notice, unless the plaintiff makes a reasonable showing to the contrary. See 20 C.F.R. §§ 404.901, 422.210(c).

The sixty-day statute of limitations is not jurisdictional and is subject to equitable tolling. See Bowen v. City of N.Y., 476 U.S. 467, 479-80 (1986). Equitable tolling is only appropriate, however, when exceptional circumstances have been demonstrated. See id.; see also Hyatt v. Heckler, 807 F.2d 376, 380-81 (4th Cir. 1986), cert. denied 484 U.S. 820 (1987).

In the instant matter, the Notice of Appeals Council is dated October 24, 2016. Allowing five days for mailing pursuant to the applicable regulations, Evans is presumed to have received the notice on October 29, 2016. The time period within which Evans could file a civil action began on that day and expired sixty days later on December 28, 2016, unless Evans can make a reasonable showing that she did not receive the notice. The Appeals Council did not receive any request from Evans for an extension of time beyond the sixty days in which to file her complaint. (Nicoll Decl. ¶ 3(d), ECF No. 24-2 at 4.) Evans filed the instant action on January 19, 2017, approximately 22 days after the expiration of the deadline.

Evans does not make any argument or present any evidence in response to the Commissioner's motion. Accordingly, Evans has failed to show that she did not receive the notice of the Appeals Council by October 29, 2016. See 20 C.F.R. §§ 404.901, 422.210(c). Moreover,

PJG

Evans has offered no argument that would show exceptional circumstances necessary to justify equitable tolling. Bowen, 476 U.S. at 479-80.

## RECOMMENDATION

Based upon the foregoing, the court recommends that the Commissioner's motion to dismiss be granted. (ECF No. 24.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 13, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).